UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOUIS WILBON,

       Petitioner,                                      Case No. 07-12780
                                                     Honorable Avern Cohn

v.

KEN ROMANOWSKI,

       Respondent.
_____/

**ORDER
ACCEPTING PETITIONER'S AMENDED PETITION FOR FILING
AND
DENYING PETITIONER'S MOTION FOR JUDGMENT
ON THE PLEADINGS–A DEFAULT JUDGMENT
AND
ORDERING RESPONDENT TO FILE A RESPONSE TO PETITIONER'S AMENDED
PETITION WITHIN SIXTY (60) DAYS**

I.

This is a habeas case under 28 U.S.C. § 2254. Louis Wilbon (Petitioner) is a state inmate at the Gus Harrison Correctional Facility in Adrian, Michigan. Petitioner, proceeding pro se, filed a petition for a writ of habeas corpus, alleging that he is incarcerated in violation of his constitutional rights. Respondent answered the petition. Petitioner thereafter submitted an amended petition, to which Respondent has not answered.

Before the Court is Petitioner's Motion for Judgment on the Pleadings, otherwise known as a default judgment. Petitioner seeks a default because Respondent has not answered his amended petition. As will be explained, Petitioner's amended petition will

1

be deemed filed, Petitioner's motion will be denied, and Respondent will be directed to file a response to Petitioner's amended petition.

II.

On July 3, 2007, Petitioner filed his petition for a writ of habeas corpus. On July 12, 2007, the Court issued an order requesting Respondent to answer Petitioner's petition for writ of habeas corpus by January 10, 2008. Respondent filed its answer on January 10, 2008. Following Respondent's answer, Petitioner filed an amended petition without filing a motion for leave to amend. The "Amended Petition" was docketed as such by the Clerk on January 25, 2008. Because Respondent has not answered Petitioner's amended petition, Petitioner filed the present motion.

A.

First, regarding Petitioner's amended petition, Federal Rule of Civil Procedure 15 permits a party to amend a pleading once as a matter of law at any time before a responsive pleading is filed. Fed. R. Civ. P. 15. Respondent filed its response on January 10, 2008, arguing that two of Petitioner's issues were unexhausted and therefore the petition should be dismissed. In response, Petitioner filed his amended petition deleting those issues from his petition but did not file a motion for leave to amend with the amended petition.

Against that backdrop, the Court will permit Petitioner to amend his petition, and shall deem the amended petition filed. Respondent will not be prejudiced. Respondent shall have sixty (60) days from the date of this order to respond to Petitioner's amended petition.

B.

Second, regarding Petitioner's present motion, a default judgment is generally unavailable in a habeas corpus proceeding on the ground that government officials failed to file a response to the petition. See, e.g., Allen v. Perini, 424 F.2d 134, 138 (6th Cir. 1970). Moreover, Respondent filed a response to the original petition and the amended petition has just now been accepted for filing. Under these circumstances, Petitioner is not entitled to a default judgment.

III.

For the reasons stated above, Petitioner's amended petition, which was filed on January 25, 2008 is deemed filed. Respondent has sixty (60) days from the date of this order to respond to Petitioner's amended petition. Petitioner's motion for judgment on the pleadings is DENIED.

SO ORDERED.

    s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: May 1, 2008

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Louis Wilbon, 162532, Gus Harrison Correctional Facility, 2727 E. Beecher Street, Adrian, MI 49221 on this date, May 1, 2008, by electronic and/or ordinary mail.

    s/Julie Owens
Case Manager, (313) 234-5160