UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LOUIS WILBON, | Case No. 07-12780 |
|       Petitioner, | Avern Cohn |
| vs. | United States District Judge |
| KEN ROMANOWSKI, | Michael Hluchaniuk |
| | United States Magistrate Judge |
|       Respondent. | |
| _____/ | |

**REPORT AND RECOMMENDATION**
**MOTION FOR DECLARATORY JUDGMENT (Dkt. 20)**

**I.     PROCEDURAL HISTORY**

Petitioner is a prisoner in the custody of the Michigan Department of Corrections and, on July 3, 2007, he filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Dkt. 1).  Petitioner's application to proceed without the prepayment of fees was granted and an order was entered requiring the government to respond to petitioner's petition.  (Dkt. 2, 3, 4).  The government filed a response on January 10, 2008.  (Dkt. 7).  On January 5, 2009, this matter was referred to the undersigned for all pretrial matter by District Judge Avern Cohn.  (Dkt. 24).  On January 25, 2008, petitioner filed a motion for declaratory judgment, which was denied by Judge Cohn.  (Dkt. 9, 12).  On September 26,

2008, petitioner filed a second motion for declaratory judgment, seeking a jury trial and money damages, among other relief. (Dkt. 20). On October 20, 2008, plaintiff filed a motion to amend his motion for declaratory judgment and on November 18, 2008, plaintiff filed a motion to set a "speedy hearing" on his declaratory judgment motion. (Dkt. 21, 23).[1]

Given that, under well-established law, petitioner is not entitled to declaratory relief or money damages in the context of his habeas corpus petition, the undersigned **RECOMMENDS** that petitioner's motion for declaratory judgment be **DENIED**.

## II.   DISCUSSION

Habeas corpus is the exclusive federal remedy for a challenge to the fact or duration of confinement. See *Preiser v. Rodriguez*, 411 U.S. 475, 486-87 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). There is no dispute that petitioner is challenging the fact of his confinement and that his petition falls under 28 U.S.C. § 2254.

To the extent petitioner seeks injunctive, declaratory, and monetary relief for alleged violations of Constitutional rights, his claims are barred by *Heck v.*

---

[1] These motions will be disposed of via separate order.

*Humphrey*, 512 U.S. 477, 486-487 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87 (footnote omitted). The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. See *Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, 1998 WL 246401, at *1 (6th Cir. 1998) (injunctive relief). Thus, petitioner's claims for injunctive relief and damages are barred under *Heck* until his criminal convictions have been invalidated.

Plaintiff cannot avoid the *Heck* rule by attempting to obtain declaratory relief and damages through a motion in this habeas case. Petitioner's only available remedy is an application for habeas corpus relief and his motion for declaratory judgment should be denied. *See e.g. Ball v. Holmes*, 2008 WL 4057532 (W.D. Mich. 2008).

### III.   RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the Court **DENY** plaintiff's motion for declaratory judgment.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 10 days of service, as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 10 days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: April 23, 2009                         s/Michael Hluchaniuk
                                             Michael Hluchaniuk
                                             United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I certify that on April 23, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Andrew L. Shirvell, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participant: Louis Wilbon, # 162532, MOUND CORRECTIONAL FACILITY, 17601 Mound Road, Detroit, MI 48212.

                                             s/James P. Peltier
                                             Courtroom Deputy Clerk
                                             U.S. District Court
                                             600 Church Street
                                             Flint, MI 48502
                                             (810) 341-7850
                                             pete_peltier@mied.uscourts.gov