UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOUIS WILBON,

        Petitioner,                      Case Number: 07-12780

v.                                          HONORABLE AVERN COHN

KEN ROMANOWSKI,

        Respondent.
_____/

**MEMORANDUM AND ORDER**
**ADOPTING REPORT AND RECOMMENDATION (Doc. No. 35)**
**AND**
**DENYING APPLICATION FOR WRIT OF HABEAS CORPUS**
**AND**
**DENYING A CERTIFICATE OF APPEALABILIY**
**AND DISMISSING CASE**

I.

This is a habeas case under 28 U.S.C. § 2254. Petitioner Louis Wilbon (Petitioner), a state prisoner convicted of larceny by false pretenses over $20,000. Petitioner was sentenced as a fourth habitual offender to 5-25 years imprisonment, to be served consecutively after a federal sentence he was already serving.[1] The matter has been referred to a magistrate judge for a report and recommendation (MJRR).

The magistrate judge issued a MJRR recommending that the petition be denied

---

[1] Petitioner was on federal supervised release at the time of the offense. He was convicted of bank fraud (presenting an altered check) in the Western District of Michigan.

for lack of merit. Before the Court are Petitioner's objections to the MJRR. For the reasons that follow, the objections will be overruled, the MJRR will be adopted, and the petition will be denied. A certificate of appealability will also be denied.

II.

Petitioner was convicted of the above offense following a jury trial. The MJRR sets forth the background facts which will not be repeated here. See MJRR at p. 2-59.

As to the procedural history, Petitioner's convictions were affirmed on direct appeal. People v. Wilbon, No. 263153 (Mich. Ct. App. Dec. 28, 2006); lv. den. 478 Mich. 925 (2007).

Petitioner then filed the present petition, raising eight claims, including (1) violation of the Interstate Agreement on Detainers, (2) failure to remove a prejudiced juror, (3) sentencing error, (4) sufficiency of the evidence, (5) improper exclusion of an African-American juror, (6) improper admission/exclusion of evidence, (7) illegal sentence, and (8) ineffective assistance of counsel.

As noted above, the magistrate judge issued a MJRR recommending that the petition be denied. Petitioner objects.

III.

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life

tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[] that the district judge would be the final arbiter" of a matter referred to a magistrate judge. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

IV.

Petitioner makes several objections to the MJRR. His objections, however, essentially present the same arguments considered and rejected by the magistrate judge. The magistrate judge carefully addressed all of Petitioner's claims and fully explained why Petitioner is not entitled to habeas relief on any of them. The magistrate either found a claim failed on the merits, that it was procedurally defaulted, or not cognizable on habeas review. Nothing in Petitioner's objections convince the Court that the magistrate judge's analysis is incorrect. In short, the Court agrees with the magistrate judge that habeas relief is not warranted.

V.

The Court also finds that Petitioner is not entitled to a certificate of appealability.[2] Reasonable jurists would not debate whether Petitioner is entitled to relief on his claims or that they should proceed further. See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

VI.

---

[2] Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254.

Accordingly, for the reasons stated above, Petitioner's objections are OVERRULED. The MJRR is ADOPTED as the findings and conclusions of the Court, as supplemented above. Petitioner's application for writ of habeas corpus is DENIED. A certificate of appealability is DENIED.

This case is DISMISSED.

SO ORDERED.

    s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: September 16, 2010

I hereby certify that a copy of the foregoing document was mailed Louis Wilbon #162532, G. Robert Cotton Correctional Facility, 3500 N. Elm Road, Jackson, MI 48811 and the attorneys of record on this date, September 16, 2010, by electronic and/or ordinary mail.

    s/Shawntel Jackson
Relief Case Manager, (313) 234-5160